UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARLAND JEFF BRADY                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:09cv24-LTS-RHW

NATIONAL SECURITY FIRE & CASUALTY COMPANY                                  DEFENDANT

## ORDER

This order addresses Defendant's [44] Motion to Dismiss and [47] Motion for Summary Judgment. Under the plain reading of Fed. R. Civ. P. 12(b), the motion to dismiss is without merit. After a thorough review of the record, and under the standards of Fed. R. Civ. P. 56, it can not be said at this stage of the proceedings that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law.

This Hurricane Katrina case is unusual in that it does not present the issue of causation of damage. It is undisputed that there was no flood damage to Plaintiff's property. Plaintiff's property is located at 181 White Chapel Road, in the Pearl River County town of Carriere, Mississippi. Defendant admits that it issued a policy of insurance to Plaintiff covering certain risks which was in full force and effect on August 29, 2005, and that the subject property suffered damage as a result of winds from Hurricane Katrina. Indeed, Defendant asserts that it never denied Plaintiff's claim, but has paid benefits under the insurance policy. Plaintiff believes he is entitled to more.

This case is also unusual in that a Rule 12(b) motion and a Rule 56 motion were filed at the same time. Rule 12(b) specifically provides that "[a] motion making any of these defenses [including (6) failure to state a claim upon which relief can be granted] shall be made before pleading if a further pleading is permitted." Of course, Fed. R. Civ. P. 7 identifies an answer as one of the basic pleadings allowed in a civil action. Rule 12(b) further provides that

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Defendant filed its [17] Answer on August 17, 2009, and the case proceeded under a [21] Case Management Order entered September 29, 2009. Therefore, Defendant's [44] Motion to Dismiss, filed April 15, 2010 (the same day as its [47] Motion for Summary Judgment) is not timely. Nonetheless, the Court finds that the [1] Complaint satisfies the notice pleading

requirements of Fed. R. Civ. P. 8(a), arising from a claim for insurance policy proceeds for damages to Plaintiff's residence suffered during Hurricane Katrina.

There is insufficient evidence in the record for the Court to conclude that there are no genuine issues of material fact, and that Defendant is entitled to judgment as a matter of law. Under the entirety of the relevant circumstances and pursuant to Rule 56 it is not for the Court to weigh the evidence or evaluate the credibility of witnesses, but to consider the evidence submitted by the parties in support of and in opposition to the motion and grant all reasonable inferences to the non-moving party, in this instance the Plaintiff. In other words, that evidence and those inferences drawn from it are viewed in the light most favorable to the non-moving party. For present purposes, Defendant's [47] Motion for Summary Judgment is not well taken.

Defendant's [47] Motion for Summary Judgment does not specifically address the issue of punitive/extra-contractual damages. While the Court will consider all the evidence before determining their propriety, i.e., whether Defendant had a legitimate or arguable basis for its decision and whether its conduct rises to the level of gross negligence, the Court would be remiss if it did not point out to the parties that federal and state courts applying Mississippi law are hesitant to allow punitive damages in cases in which there is a legitimate pocketbook dispute. *See, e.g., State Farm Mutual Automobile Insurance Co. v. Roberts*, 379 So. 2d 321 (Miss. 1980); *Tutor v. Ranger Insurance Co.*, 804 F.2d 1395 (5th Cir. 1986).

Accordingly, **IT IS ORDERED**:

Defendant's [44] Motion to Dismiss is **DENIED**;

Defendant's [47] Motion for Summary Judgment is **DENIED**.

**SO ORDERED** this the 13th day of August, 2010.

                                                              s/ L. T. Senter, Jr.
                                                              L. T. SENTER, JR.
                                                              SENIOR JUDGE